IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SOCORRO MAYA,
#R33278,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
LOUIS SHICKER,
JOHN BALDWIN,
KIMBERLY BUTLER,
JACQUELINE LASHBROOK,
JOHN TROST,
HECTOR GARCIA,
STEPHEN RITZ, and
REBECCA EINWOHNER,

        Defendants.

Case No. 17-cv-00546-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Socorro Maya, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 for the deprivation of his constitutional rights. (Doc. 1). On November 19, 2018, Maya, through court recruited counsel, filed an Amended Complaint. (Doc. 108). The Amended Complaint alleges the following claims: an Eighth Amendment claim for deliberate indifference regarding treatment of Maya's hernia (Count 1); an Eighth Amendment claim for deliberate indifference regarding treatment of Maya's diabetes and kidney damage (Count 2); and an Eighth Amendment claim for unconstitutional conditions of confinement (Count 3).

On September 4, 2019, Maya filed a Motion for Preliminary Injunction asking the Court to order Defendants to facilitate a referral to a general surgeon for evaluation and, if appropriate, surgical repair of his hernia. (Doc. 133, p. 1; Doc. 134). Defendants filed

responses in opposition to the motion on September 18, 2019 (Docs. 141, 142), and the Court held a hearing on the motion on February 26, 2020. At the hearing, the Court heard testimony from Plaintiff Maya and the medical director of Menard, Dr. Siddiqui.

## BACKGROUND

In the motion for preliminary injunction, Maya claims that he was first diagnosed with an umbilical hernia in March 2007, while at Menard. (Doc. 133, p. 1). Maya was denied hernia repair surgery and placed under observation. He was treated with Motrin and Robaxin. (Doc. 134, p. 2). In the following years, his hernia has become more painful and larger. (*Id.*). In December 2016, Dr. Trost, a board certified general surgeon, made a referral for surgical evaluation of Maya's hernia to Collegial Review. (*Id.* at p. 3; Doc. 134-1, p. 20). Maya was again denied surgery and instead given an abdominal binder and treated with ibuprofen, despite his complaints of constant pain. (*Id.* at p. 3). Maya was told that because surgery is costly, he would need to wait for his hernia to become strangulated, and that all medical staff could do was treat him with ibuprofen. (*Id.* at p. 4).

Since 2016, because of the damage to his kidneys, Maya has been unable to take ibuprofen or acetaminophen for his pain. (*Id.*). Not only have Defendants not authorized surgery to repair his hernia, but now, because he cannot take pain medication, his pain remains untreated. (*Id.* at p. 10). As a result, he cannot perform daily living activities, such as exercise, which adversely impacts his diabetes. (*Id.* at p. 4-5). He is unable to walk successive days in the yard, and it is painful for him to go to the bathroom. (*Id.* at p. 4).

Maya argues he meets all the requirements for a preliminary injunction. He is likely to succeed on the merits of his Eighth Amendment claim because (1) his hernia and associated chronic pain qualify as objectively serious medical conditions; and (2) Defendants have acted with deliberate indifference because he has received ineffective and delayed treatment. (*Id.*

at pp. 8, 11). Maya alleges he has no adequate remedy at law because money damages will not compensate him for the decreased qualify of life, pain, and suffering caused by his untreated hernia. (*Id.* at p. 12). Maya also claims he faces irreparable harm in the form of unnecessary pain and suffering, along with the risk of the hernia becoming strangulated. (*Id.* at p. 12-13) (citing *Akers v. Wexford Health Sources, Inc.*, No. 14-cv-00997, 2015 WL 4574754 at *7 (S.D. Ill., July 29, 2015)).

Finally, Maya argues that because the cost of surgery alone is not a valid reason to justify denying constitutional rights and the taxpayers have a vested interest in ensuring that constitutional rights are protected, the balance of harms weighs in favor of providing necessary surgical consultation, regardless of administrative or financial inconvenience. (*Id.* at p. 14).

In their response, Defendants state that Maya does not demonstrate that Defendants have acted with deliberate indifference or that the treatment implemented represents a significant departure from accepted professional standards. (Doc. 141, p. 7; Doc. 142, p. 5). Defendants claim that Maya was diagnosed with an umbilical hernia on July 28, 2005. (Doc. 141, p. 2). There is no record of hernia related complaints from July 2005 to March 2007. (*Id.*). From 2007 to 2009, Maya was treated with pain medication on an as needed basis. (*Id.* at p. 7). Maya again did not seek medical care for his hernia for the following seven years, between 2009 and 2016. (Doc. 141, p. 3; Doc. 142, p. 5). On December 3, 2016, Dr. Trost referred Maya for a surgical evaluation, and Dr. Ritz opted to first try a conservative treatment of an abdominal binder. Since that time, Maya has not complained to medical staff regarding his hernia pain, and there is no indication that the binder is not helping alleviate his symptoms. (Doc. 141, pp. 4, 8). From January 2017 to November 2018, Maya was seen by medical staff on multiple occasions, including two different physicians, two different nurse practitioners,

and numerous nurses, but there is no record of complaints relating to his hernia. (Doc. 141, p. 4; Doc. 142, p. 5). There is no evidence that Maya is even a candidate for surgery, given his comorbidities, including diabetes and chronic kidney disease. (Doc. 141, p. 8). Defendants argue that Maya does not have a constitutional right to demand a particular type of treatment, and dissatisfaction that he has not received an invasive surgery is not evidence of deliberate indifference. (Doc. 141, p. 8; Doc. 142, p. 5).

Furthermore, as to Defendants Baldwin, Butler, Lashbrook, and Shicker, Maya has admitted that he does not know if any of them received the letters he allegedly wrote regarding his treatment, and he did not speak personally with any of them. (Doc. 142, p. 4). Thus, he cannot show that these Defendants were aware of issues regarding treatment of his hernia and then responded with deliberate indifference. (*Id.* at p. 4-5).

Defendants also argue that Maya has not shown that he has no adequate remedy at law. The motion requesting a preliminary injunction was filed two years after the commencement of the case and ten days from the dispositive motion deadline. (Doc. 141, p. 9). In the Amended Complaint, Maya is seeking a mandatory injunction for hernia repair surgery; however, there is no evidence to support why a preliminary injunction is needed this close to the conclusion of the lawsuit, when Maya could obtain an adequate remedy at law. (*Id.*).

Finally, Defendants argue that Maya has not shown he is likely to suffer irreparable harm. (Doc. 141, p. 8; Doc. 142, p. 5). He did not complain about his hernia to medical staff between 2009 and 2016, and more recently, he has not sought treatment from January 2017 to November 2018. (Doc. 141, p. 10; Doc. 142, p. 5). Maya is still voluntarily working up to seven days a week and continues to exercise and attend yard and gym. (Doc. 141, pp. 4, 10). There is no medical evidence the Maya will suffer irreparable harm without a surgical consultation.

(Doc. 141, p. 10; Doc. 142, p. 5).

## ANALYSIS

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, Federal Practice and Procedure §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). A plaintiff has the burden of demonstrating:

- a reasonable likelihood of success on the merits;
- no adequate remedy at law; and
- irreparable harm absent the injunction.

*Planned Parenthood v. Comm'r of Ind. State Dep't Health*, 699 F.3d 962, 972 (7th Cir. 2012).

As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once a plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

## DISCUSSION

At the hearing, Defendants continued to argue that surgical repair of Maya's hernia is not medically necessary. Maya works up to seven days a week and his only complaint is pain, which is subjective. Furthermore, Defendants state that Maya is able to take Tylenol for his pain, which has been prescribed by Dr. Siddiqui. Dr. Siddiqui testified that he has been the medical director at Menard for two and half years. Dr. Siddiqui stated that he has treated Maya for other conditions, mainly his kidney damage, but that he has not evaluated Maya for his hernia or reviewed Maya's medical records prior to providing his own treatment. Dr. Siddiqui stated that he has no recollection of advising Maya not to take Tylenol due to the condition of Maya's kidneys. He further testified that he was not aware that Dr. Trost, the previous medical director at Menard, had recommended Maya for surgical evaluation and that he was also not aware of whether Dr. Trost had advised Maya not take Tylenol for his umbilical hernia pain. Dr. Siddiqui stated that Tylenol is a safe pain medication for kidneys and that people are able to live with umbilical hernias without ever having surgical repair, although surgery is the only way to remove an umbilical hernia. Additionally, Dr. Siddiqui testified that abdominal binders do not treat pain.

Maya testified that the pain he is experiencing due to his hernia fluctuates, but is permanent. He wears his abdominal binder at all times during the day, unless he is showering. Maya stated that the binder does not remove the pain, but helps with his pain level. During his job as a janitor, Maya stated that the pain does not regularly keep him from working, as long as he does not lift anything too heavy. Maya testified he is unable to sit up in bed unless he wears his binder or holds his hernia in with his hands, and, other than walking, he is unable to exercise. He experiences the most pain when using the restroom. Maya also stated that he does not take any pain medication because his kidneys are

functioning at twenty-five percent and he fears inflicting further damage.

In light of the testimony presented, submitted evidence, and written submissions, the Court grants in part the request for preliminary injunction. First, Maya has demonstrated that he has more than a negligible chance the he will prevail on the merits of his claim. The Seventh Circuit has recognized that "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain[,]" are circumstances that would constitute a serious medical need. *Hayes v. Snyder,* 546 F.3d 516, 522-23 (7th Cir. 2008) (quoting *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997) (internal quotation marks omitted). Here, the evidence presented supports a finding that he suffers from a serious medical need. Maya has had an umbilical hernia for over twelve years that has caused him chronic pain. The medical records indicate that Maya has reported experiencing pain levels from a four to a nine through the years. (Doc. 141-3, pp. 2, 9, 100). Although Maya is able to perform janitorially duties, other daily tasks are hindered. He is unable sit up in bed without the aid of an abdominal binder or his hands to hold in the hernia, going to the restroom is very painful, and he is limited to walking for physical activity. Any additional pressure to his stomach, such as eating too much, causes an increase in pain. As "there is no requirement that a prisoner provide 'objective' evidence of his pain and suffering[,]" Maya's constant pain coupled with the ongoing risk of strangulation indicate that his umbilical hernia could be described as a serious medical need. *Greeno v. Daley,* 414 F.3d 645, 655 (7th Cir. 2005).

There is further evidence that Defendants responded to Maya with deliberate indifference. "[A] doctor's choice of the 'easier and less efficacious treatment' for an objectively serious medical condition can still amount to deliberate indifference for purposes

of the Eighth Amendment." *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010) (quoting *Estelle v. Gamble,* 429 U.S. 87, 104, n. 10 (1976)). Accordingly, Defendants decision to maintain a conservative treatment plan of an abdominal binder and pain medication may violate the Eighth Amendment. *See Greeno,* 414 F.3d at 655. Despite the provision of an abdominal binder and pain medication, Maya's hernia has grown and he testified that it is painful. He also remains at risk of the hernia becoming strangulated, as Dr. Siddiqui testified that if a hernia is not repaired, then there is always a chance it will become strangulated. Therefore, Maya demonstrated a likelihood of success on the merits of his deliberate indifference claim.

Second, Maya's traditional legal remedies are inadequate, and he will suffer irreparable harm while this action remains pending without preliminary injunctive relief. *See Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S. of America, Inc.*, 549 F.3d 1079, 1095 (7th Cir. 2008). Although the case was filed two years ago and summary judgment motions have been filed, the longer Maya "must wait to see an outside specialist, the greater the risk of his hernia becoming strangulated and [the longer he] will continue to endure constant pain." *Aker v. Wexford Health Sources, Inc.,* No. 14-cv-00997, 2015 WL 4574754 at *3 (S.D. Ill. July 29, 2015). Monetary damages would be inadequate a remedy for a significantly decreased qualify of life or for the pain and suffering experienced because of the untreated hernia. *See Whitaker by Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.,* 858 F.3d 1034, 1045 (7th Cir. 2017).

Third, the balance of equities favor granting of the preliminary injunction. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). Defendants argue that granting the preliminary injunction would overrule the judgment of the medical professionals treating Maya, creating a precedent that Defendants' medical judgment cannot be relied on for constitutional care. (Doc. 141, p. 11). Implicit in this argument is that Maya has been recently evaluated and treated for his umbilical hernia. As argued by Maya's counsel and supported by the medical

records, Maya has not been treated or seen by medical staff for his hernia in over a year, aside from an appointment to renew his abdominal binder permit in November 2018. (*See* Doc. 141-3, p. 100). Furthermore, Dr. Siddiqui, the current doctor at Menard, has never treated him or reviewed his medical history regarding the condition of his hernia. Therefore, the current status of Maya's hernia remains unknown. The Court finds that the increase costs that Defendants will incur in referring Maya for a surgical evaluation does not outweigh the harm he will suffer if his hernia remains unevaluated by an outside specialist. Furthermore, the "public has a strong interest in the provision of constitutionally-adequate health care to prisoners." *Flynn v. Doyle*, 630 F.Supp.2d 987, 993 (E.D. Wis. Apr. 24, 2009). *See also United States v. Raines,* 362 U.S. 17, 27 (1960).

Finally, Maya's request, to the extent that he is seeking evaluation by a specialist of his umbilical hernia, comports with the Prison Litigation Reform Act's requirement that relief be "narrowly drawn" and "extend no further than necessary to correct the harm." 18 U.S.C. §3626(a).

## INJUNCTIVE RELIEF

For the reasons set forth above, the Court **GRANTS IN PART** Maya's request for a preliminary injunction (Doc. 108). The Court **ORDERS** Defendants to facilitate a referral to a *board certified surgeon whose practice regularly involves the evaluation and treatment of umbilical hernias*. The referral shall be made as soon as practicable, and the evaluation completed on or before **March 30, 2020.** Defendants are further **ORDERED** to file a written notice, attaching all relevant medical records and documentation, within **fourteen (14) days** after Maya's appointment with the specialist, advising the Court of: (1) the results of the examination; (2) the recommended treatment plan; and (3) all steps taken to implement the plan for treatment of Maya's umbilical hernia.

The Court will **ADD** the current acting warden of Menard, Alex Jones, in his official capacity only for the purposes of implementing the preliminary injunctive relief that is ordered. *See Gonzalez v. Feinerman,* 663 F.3d 311, 315 (7th Cir. 2011).

Finally, pursuant to *MillerCoors LLC v. Anheuser-Busch Companies, LLC,* 940 F.3d 922 (7th Cir. 2019), the Court will enter the terms of the preliminary injunctive relief set forth above in a separate document.

**IT IS SO ORDERED.**

DATED:   March 2, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**