IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SOCORRO MAYA, #R33278, <br><br> Plaintiff, <br><br> v. <br><br> JOHN BALDWIN, *et al.*, <br><br> Defendants. | Case No. 17-cv-00546-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court to address various pretrial issues. After Chief Judge Rosenstengel ruled a the motions summary judgment, this case is now proceeding on an Eighth Amendment claim for deliberate indifference regarding treatment of Plaintiff's hernia against Defendants Dr. Trost and Dr. Ritz ("Wexford Defendants) and an Eighth Amendment claim for unconstitutional conditions of confinement against Defendants Baldwin, Butler, and Lashbrook ("IDOC Defendants"). (*See* Doc. 213). The case was transferred to the undersigned on October 5, 2020. (Doc. 214). On February 5, 2021, the Court set June 22, 2021 as the trial date, with the final pretrial conference scheduled for May 18, 2021. (Doc. 225). On May 10, 2021, the IDOC Defendants filed a Motion to Sever. (Doc. 229). The next day Plaintiff[1] filed a response and contacted the Court requesting a telephone conference regarding the Motion. Because the pretrial conference was less than a week away and the impending trial, the Court set a prompt telephone conference for May 12, 2021.

For the reasons stated on the record, the Motion to Sever is **DENIED**.[2] (Doc. 229). The

---

[1] The Court recruited counsel to represent Plaintiff Maya on December 12, 2017. (Doc. 46).
[2] Plaintiff has responded to the Motion, and prior to the conference, Wexford Defendants indicated that they took no

Court finds that the prejudicial concerns expressed by the IDOC Defendants are outweighed by considerations of judicial economy. Due to the COVID-19 pandemic, there are a number of cases that are backlogged and require trial settings. In accordance with health and safety protocols, only one jury trial can be conducted in the courthouse at a time. Given these unusual times, the Court will not further contribute to the delay by creating two trials when all issues could be fairly presented to a jury in one. Additionally, the Court is sensitive to the fact that Plaintiff is represented by court recruited counsel and will not further burden Plaintiff's Counsel by requiring him to try two cases.

To the extent IDOC Defendants are requesting severance because they currently do not have access to email or network files and are unable to prepare for a trial in June, a continuance is a more appropriate solution. The current trial date is hereby **CANCELLED,** and the pretrial conference set for May 18, 2021, is **CONVERTED** into a status conference. At the upcoming status conference, the parties shall come prepared to discuss potential trial dates, possible settlement, and the precedential value, if any, of the *Turley* decision. *See Turley v. Lasbrook,* No. 08-cv-07-SCW, 2018 WL 7585236 (S.D. Ill. Sept. 26, 2018).

**IT IS SO ORDERED.**

**DATED:   May 13, 2021**

                                                           *s/Stephen P. McGlynn*
                                                   **STEPHEN P. MCGLYNN**
                                                   **United States District Judge**

---

position on the bifurcation. (Doc. 229, p. 5). During the conference, Wexford Defendants stated that they believed the case should not be severed and tried all at once in order to conserve resources. The Court has heard from all the parties, and there are no exceptional circumstances warranting a reply brief. *See* SDIL-LR 7.1. Accordingly, the Motion has been fully briefed.